IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE KING/MOROCCO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-4196 |
| | § | |
| LAND ROVER SOUTHWEST HOUSTON, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Myron Gerard Simms, also known as The King/Morocco, has sued Land Rover Southwest Houston, representing himself and without prepaying the filing fees. He alleged that Land Rover failed to hire him and retaliated against him based on race, gender, national origin, religion, and age, in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), and international treaties. After considering the pleadings and the applicable law, the court dismisses the complaint, with prejudice, as frivolous, time-barred, repetitive, and for failing to state a plausible claim for relief. The reasons are explained in detail below.

**I.    The Background**

In June 2018, Simms filed a charge against Land Rover with the Equal Employment Opportunity Commission, alleging:

> I was told by management that I [would] be able to be hired because they just hired a new general manager. The general manager changed the pay plan and the management staff said that I would [not] make any money there. There was another person there for a job. They hired her with no sales experience.

(Docket Entry No. 1-3 at 15). On June 28, the EEOC sent Simms a denial of relief and notified him that if he wanted to sue he must do so within 90 days or he would be barred from suing based on the charge. (*Id.* at 12–13).

On October 29, 2018, 123 days later, Simms filed a motion in the Northern District of Georgia requesting leave to proceed without prepaying fees. (Docket Entry No. 1). He attached an affidavit stating that he lacked financial resources. (*Id.* at 1–5). His complaint asserted that Land Rover failed to hire and retaliated against him based on race, gender, national origin, religion, and age. (Docket Entry No. 1-1 at 1–2). Simms alleged that Land Rover's manager "told [him] that [he] could not be hired because [he] wouldn't 'make any money' with [a] 'New Sales System'"; that Land Rover hired "a woman" because "she is new, so she isn't worried about how much money she makes"; and that Land Rover declined to hire Simms even after he said that he would accept lower pay. (*Id.* at 10). Simms asserted that Land Rover's conduct violated the Civil Rights Act, 42 U.S.C. § 2000e-2(a), and international treaties. (*Id.* at 1–2, 11–12).

The district court granted Simms leave to proceed without prepayment and transferred his action to the Southern District of Texas, because the factual allegations "underlying [Simms's] various causes of action occurred in the State of Texas and flow from his failure to secure employment with Defendant Land Rover Southwest Houston, located in Houston, Texas." (Docket Entry No. 2 at 1–2).

In September 2018, before filing this lawsuit, Simms filed another lawsuit in this district. In that case, also filed without prepaying fees, Simms alleged that 13 car dealerships in Houston, including Land Rover Southwest Houston, had failed to hire and retaliated against him based on race, gender, national origin, religion, and age. Complaint, *Simms v. Nw. Chrysler Jeep Dodge Ram* (No. 4:18-mc-2740), ECF No. 1. His allegations against Land Rover were identical to the ones in this case. *Id.* In October 2018, Simms was denied leave to proceed without prepayment in that earlier filed case. Order, *Simms v. Nw. Chrysler Jeep Dodge Ram* (No. 4:18-mc-2740), ECF No.

3. He did not pay the filing fee.

## II. The Standards of Review

### A. Section 1915(e)

The United States Code authorizes:

> the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a). Section 1915(e) provides "access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs," but a district court retains "discretion, subject to review for abuse, to order a person to pay partial filing fees" if that "person may do so without suffering undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); *see Haynes v. Scott*, 116 F.3d 137, 139–40 (5th Cir. 1997).

A district court must dismiss an action under § 1915(a) on a finding that it is "frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). In considering whether the action fails to state a claim, a court uses the Federal Rule of Civil Procedure 12(b)(6) standard. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). "A complaint is frivolous if it lacks an arguable basis in law or fact," and the dismissal of a complaint as frivolous is reviewed for an abuse of discretion. *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998).

"A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)). A complaint can be dismissed as frivolous if it seek to relitigate claims that the

plaintiff previously litigated to an adverse judgment. *Wilson v. Lynaugh*, 878 F.2d 846, 849–50 (5th Cir. 1989).

"A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998); *see Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("[T]he statute accords judges not only with the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."). Examples of factually baseless claims are those "describing fantastic or delusional scenarios." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*, 490 U.S. at 328).

### B. Rule 12(b)(6)

"The district court is to construe liberally the briefs of *pro se* litigants and apply less stringent standards to them than to parties represented by counsel." *Kiper v. BAC Home Loans Serv., LP*, 884 F. Supp. 2d 561, 567 (S.D. Tex. 2012) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). But a "*pro se* plaintiff's complaint must 'set forth facts giving rise to a claim on which relief may be granted.'" *Simmons v. Methodist Hosps. of Dall.*, 106 F. Supp. 3d 799, 803 (N.D. Tex. 2015) (quoting *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam)).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require

4

'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

## III. Analysis

This action contains factual allegations that are frivolous or unintelligible and asserts meritless legal theories. It was also filed too late, and it duplicates an earlier-filed case. Simms alleged that he received the EEOC's notice of right to sue on July 28, 2018, a month after the EEOC sent it on June 28, but he did not file this suit until October 29, 2018, 93 days later. *See* 42 U.S.C. § 2000e-5(f)(1); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) ("Title VII provides that claimants have ninety days to file a civil action after receipt of [a notice of right to sue] from the EEOC." (emphasis omitted)). Simms brought identical claims against Land Rover in a previous case in which he was denied leave to proceed under 28 U.S.C. § 1915(a). The duplicative nature of this case is another basis to dismiss it as frivolous. *Wilson*, 878 F.2d at 849–50; *see Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975) ("[N]o one, rich or poor, is entitled to abuse the judicial process."). And Simms's claims fail to state a plausible claim for relief, because he has not alleged facts that could show or support employment discrimination or retaliation. *See Bowers v. Principi*, 172 F. App'x 623, 625–26 (5th Cir. 2006). His claims based on international treaties have no merit. *See Dickens v. Lewis*, 750 F.2d 1251, 1254 (5th Cir. 1984) ("[I]ndividual plaintiffs

do not have standing to raise any claims under the United Nations Charter and other international obligations.").

The court denies Simms leave to amend the complaint given that Simms's employment-discrimination claims are time-barred and duplicative, and his international-law claims are meritless and duplicative. Granting leave to amend would be futile. *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) ("Granting leave to amend is not required . . . if the plaintiff has already pleaded his 'best case.'" (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

Because Simms's claims are frivolous, repetitive, time-barred, and fail to state a plausible claim, the court dismisses his complaint, (Docket Entry No. 3), with prejudice and without leave to amend. Final judgment is entered separately.

SIGNED on November 15, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge